UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24746-BLOOM/D'Angelo

SILVIO HIDALGO,

    Plaintiff,

v.

LEE DUDEK, ACTING
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Silvio Hidalgo's Motion for Summary Judgment, ECF No. [12], and Defendant Frank Bisignano, Commissioner of the Social Security Administration's Cross Motion for Summary Judgment. ECF No. [15]. For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied, and Defendant's Cross Motion for Summary Judgment is granted.

This matter originates from the decision of the Social Security Administration's Administrative Law Judge ("ALJ") on June 10, 2024, concluding that Plaintiff was not disabled within the meaning of the Social Security Act. After unsuccessfully appealing the decision to the Appeals Council, Plaintiff filed the instant action, arguing that the Agency's final decision contains errors of law and is not supported by substantial evidence.

Plaintiff proceeded to file his Motion for Summary Judgment, and Defendant filed a Cross Motion for Summary Judgment. *See* ECF Nos. [12], [15]. Thereafter, the Court referred both Motions to Magistrate Judge Ellen D'Angelo for a Report and Recommendations ("R&R"). ECF No. [17]. On January 14, 2026, Judge D'Angelo issued her Report and Recommendation on the Parties'

Case No. 24-cv-24746-BLOOM/D'Angelo

Motions, finding that the ALJ's determination, as well as her findings and conclusions, were adequately supported by substantial evidence contained in the record. *See* ECF No. [18] at 13, 17. Judge D'Angelo further concluded that the ALJ did not commit an error of law by failing to call a medical expert to opine on Plaintiff's residual functioning capacity ("RFC"), as there was already sufficient evidence in the record to support the ALJ's RFC determination.[1] Accordingly, Judge D'Angelo recommended that this Court deny Plaintiff's Motion and grant Defendant's Cross Motion. *See* ECF No. [18] at 25.

The R&R further advised the Parties that they would "have fourteen (14) days from the date of th[e] Report and Recommendation to file written objections, if any, with [this Court]. Failure to file objections timely would bar the Parties from a *de novo* determination by the District Judge of an issue covered in this Report[.]" ECF No. [18] at 25; *see* 28 U.S.C. § 636(b)(1)(C).

To date, the Parties have not filed objections, nor have they sought additional time to file objections. Nonetheless, the Court has conducted a *de novo* review of Judge D'Angelo's Report and Recommendation, the record, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge D'Angelo's Report and Recommendation to be well-reasoned and correct. The Court therefore agrees with the analysis and concludes that Plaintiff's Motion for Summary Judgment is denied, and Defendant's Cross Motion for Summary Judgment is granted.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

---

[1] To the extent that Plaintiff challenged the conclusions reached by the ALJ, Judge D'Angelo correctly found that it was beyond the purview of the Court to "decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." ECF No. [18] at 25 (quoting *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)). Therefore, because the ALJ's decision was supported by substantial evidence, Judge D'Angelo reasoned that the Court must affirm. *See id.*

Case No. 24-cv-24746-BLOOM/D'Angelo

1. The Magistrate Judge's Report and Recommendation, **ECF No. [18]**, is **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. [12]**, is **DENIED.**

3. Defendant's Cross Motion for Summary Judgment, **ECF No. [15],** is **GRANTED.**

4. The decision of the Commissioner is **AFFIRMED.**

5. All pending motions are **DENIED AS MOOT**.

6. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, on January 29, 2026.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record